STATE OF MISSOURI ex rel. Phillip FARMER, Deceased and Eleanor Farmer, Individually and as administratrix of Phillip Farmer, Deceased, Plaintiffs,

v.

DENT COUNTY, MISSOURI, et al., Defendants.

No. 76–375C(2).

United States District Court, E. D. Missouri, E. D.

Aug. 9, 1976.

National Juvenile Law Center, St. Louis University School of Law, St. Louis, Mo., Gene G. Gulinson, Salem, Mo., for plaintiffs.

Robert H. Burns, Clayton, Mo., Woolsey, Fisher, Clark, Whiteaker & Stenger, David L. Smith, Springfield, Mo., Joseph M. Kortenhof, St. Louis, Mo., Max Price, Salem, Mo., Evans & Dixon, Eugene Buckley, St. Louis, Mo., Hamp Ford, Columbia, Mo., for defendants.

ORDER

REGAN, District Judge.

This matter is before the Court on motions (1) of Dent County, Missouri, Wayne Lough, Jess Brookshire, Lloyd Medlock, Ferris Gibbs, Dorman Gibbs and Allen Shelton to dismiss, (2) of defendants City of Salem, Missouri, Clarence Inman, Henry Beezley, Hershel Woodward, William Samuels, Clayton Gibbs, Sherman Hendrickson, Dale Parks, William Dale, S. T. Anderson, Jack Masters, Robert Ebaugh, George Heitman, Earl Moser and Duga Elmer to dismiss or for other relief, (3) of Western Indemnity Company, Western Fire Insurance Company and Western Casualty and Surety Company to dismiss and for other relief, (4) of defendants Hartford Accident and Indemnity Insurance Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company and Hartford Life and Accident Insurance Company to dismiss, and (5) of defendant Farmers Alliance Mutual Insurance Company to dismiss.

One common ground of most of the motions to dismiss is that at the time this action was filed, there was then pending in the Circuit Court of Dent County an action which plaintiffs had filed the day before against the same defendants and in which the allegations, except only for the absence of the federal jurisdictional statements, are identical in all respects to those in this suit. Plaintiffs are prosecuting the state court case, and (so we have been advised by defendants) are desirous that the federal suit be held in abeyance pending a disposition of the state case. We note that plaintiffs have filed no memorandum in opposition to any of defendants' motions to dismiss, or for that matter to any other motion filed by defendants, nor did plaintiffs appear at the hearing on the motions.

We are aware that subsequent to the filing of the motions, plaintiffs filed what they have designated as their first amended complaint in which (apparently in response to motions of defendants) they purport to state separately various of their claims. However, without a motion or leave of court, and in violation of Rule 21, F.R.C.P., plaintiffs have added new parties plaintiff who allege claims on their own behalf. The name of one party defendant has been changed from Farmers Alliance Mutual Insurance Company to Farmers Reliance Mutual Insurance Company (with no indication of whether the party is the same) and all of the Hartford and Western insurance companies as well as defendant Samuels have been dropped, insofar only as the pleading is concerned. In all other respects, the two complaints are the same.

Having fully considered the motions to dismiss, we have concluded that this action which in essence is an expanded suit for wrongful death should be dismissed on principles of comity and equity, so that the claims may be adjudicated in the prior filed state proceeding without burdening the defendants with the additional expense of simultaneous litigation. This is particularly true inasmuch as the claims are primarily state in nature and are not such as would warrant us in exercising pendent jurisdiction. By trying all their claims in the state court, plaintiffs will also be spared additional expense. In making this disposition of the case, we do not intimate that any of the remaining grounds of defendants' motions are without merit. Accordingly, this action will be dismissed without prejudice.